UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM B. COWLES, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:13-CV-1741 (JCH) |
| | : | |
| v. | : | |
| | : | |
| JOHN MCHUGH, in his official | : | |
| capacity as Secretary of the Army, | : | |
| Defendant. | : | NOVEMBER 4, 2014 |
| | : | |

**RULING RE: MOTION FOR RECONSIDERATION (Doc. No. 43)**

Defendant John McHugh moves the court to reconsider its Ruling of September 30, 2014 (Doc. No. 42) entitled "Ruling re: Motion to Dismiss and for Summary Judgment (Doc. No. 15), Motion for Protective Order (Doc. No. 19), and Cross-Motion for Summary Judgment and 56(d) Motion (Doc. No. 23)" ("Ruling").  See Motion for Reconsideration ("Motion") (Doc. No. 43).  The court denies the Motion.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000).  Reconsideration may also be justified by "the need to correct clear error or prevent manifest injustice."  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).  The function of a motion for reconsideration is not to invite a party "to relitigate an issue already decided."  Shrader, 70 F.3d at 257.

1

McHugh moves the court to reconsider its Ruling of September 30 on the basis that it impermissibly imposed a "six-month retention requirement" upon the Army. McHugh labors under a misapprehension of the Ruling. As the court specifically said, and as McHugh helpfully repeated on the very first page of his present Motion, "[t]he court concludes that it was error for the Army to separate Cowles for Adjustment Disorder without allowing him (<u>in whatever lawful arrangement the Army deemed appropriate</u>) up to six months from the onset of his symptoms to determine if he did suffer from AD." Ruling at 15–16 (emphasis added). The court only determined that, in the case at bar, it was inappropriate for the Army ultimately to "ma[k]e a <u>final</u> classification of Cowles as 'unfit for further military service,' <u>see</u> Army Reg. 40–501, ¶ 3–1, because of Adjustment Disorder, <u>see</u> <u>id.</u> ¶ 3–36, without allowing up to six months to determine if he in fact had AD." <u>Id.</u> at 21–22 (emphasis added). The court imposed no strict rules about <u>how</u> the Army is to comply with its regulations; it only confirmed that the ABCMR acts "not in accordance with law" when it ratifies Army actions that violate controlling regulations. 5 U.S.C. § 706.

Nor does the DSM-IV excerpt to which McHugh cites undermine the Ruling. Indeed, if anything, it reinforces the court's reasoning, which directly relied on this very document. Although the Ruling did not quote the DSM-IV directly, McHugh helpfully provides—and quotes in his Motion—an excerpt of the DSM-IV including the statement that "[b]y defintion, symptoms [of an Adjustment Disorder] cannot persist for more than 6 months after the termination of the stressor or its consequences." App. A to Motion at 624 (Doc. No. 43-1 at 2).

2

The remainder of McHugh's Motion either mischaracterizes the Ruling or rehashes arguments already rejected by the court (and certainly raises no controlling law or overlooked evidence), and thus does not merit discussion.

Because McHugh has presented no evidence or controlling law that the court overlooked nor any other clear error or manifest injustice, he fails to meet the standard for reconsideration.

The Motion is **DENIED**.

**SO ORDERED**.

Dated at New Haven, Connecticut this 4th day of November 2014.

      /s/ Janet C. Hall
      Janet C. Hall
      United States District Judge